In re COUNTY LINE HOMES, INC. d/b/a County Line Homes, a/k/a County Line Lumber and Supply a/k/a Top of the Heap, Debtor.

Bankruptcy No. 84–01264(3).

United States District Court, E.D. Missouri, E.D.

Aug. 20, 1984.

Irwin M. Roitman, Clayton, Mo., for debtor.

Carl Spector, St. Louis, Mo., for Centerre Bank Pacific.

## FINDINGS AND CONCLUSIONS

FILIPPINE, District Judge.

The debtor filed its voluntary petition for business reorganization under Chapter 11 of the Bankruptcy Code on July 30, 1984. One of the reasons for filing the bankruptcy proceeding was to invoke the automatic stay provisions to stop a non-bankruptcy Court action in replevin by the Bank. The debtor's business includes the sale and installation of mobile homes. The debtor's attorney has argued that some of these mobile homes were under contract for sale to third parties at the time of the bankruptcy. Counsel has argued further that one of these purchasers is in urgent need of immediate delivery of a mobile home as the result of a fire at her former residence. Therefore, the debtor is requesting an immediate order authorizing the sale of a Commodore Mobile Home and the transfer of the proceeds to the Bank in exchange for the release of the Bank lien.

Although the Bank has not objected to the sale of the mobile home, its attorney has indicated that it is reluctant to release its collateral in view of the bankruptcy estate interest and the possibility that other creditors or a subsequent liquidating trustee may attempt to recover the sale proceeds which had been credited to a prepetition debt. During the course of the hearing on August 1, 1984, the parties and the Court discussed several possibilities which might allow the sale and transfer of

the property while preserving the value of the Bank's security interest until such time as all creditors can be notified of the debtor's intention to disburse monies on a pre-bankruptcy debt. None of these possibilities was acceptable to both the Bank and the debtor.

A trustee of debtor-in-possession may use, sell or lease property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. 363(c)(1). County Line Homes, Inc. is a debtor-in-possession and has been authorized to operate its business pursuant to 11 U.S.C. 1108, 1107. The Court finds from this record that a part of the debtor's ordinary business is the sale of mobile homes. Therefore, unless prohibited by other sections of the Bankruptcy code, the debtor may sell mobile homes during the pendency of this reorganization case.

■ If property of the estate is subject to a lien interest, the debtor must satisfy certain conditions in the ordinary course of business. 11 U.S.C. 363(f). With regard to the particular mobile home in this proceeding, the debtor has indicated that it is unsure if creditors other than the Centerre Bank claim a security interest in the collateral or the proceeds. The creditors' matrix includes the name and address of a company which may have been the manufacturer or wholesale of the mobile home which is to be sold here. There is a possibility then that lien claimants have not been notified of the proposed sale. Centerre Bank has stated through its counsel that it would consent to the sale only if the proceeds are paid to it in the amounts which have not been agreed to by the debtor. Therefore, when the debtor is uncertain as to the existence of other lien claimants, a sale free and clear of liens requires notice to all creditors in most instances. This notice has not been given in this case, and the record does not support any basis upon which the requirement may be waived to this early stage in the case.

■ The proposed sale here is based upon a contract for sale which had been executed prior to the filing of the bankruptcy petition. As such, the contract is executory in nature and subject to assumption or rejection pursuant to 11 U.S.C. 365. Counsel for the debtor has indicated that the prospective purchaser under the sale contract had not been given notice of the bankruptcy filing or of the debtor's request to conclude the sale post-bankruptcy. Therefore, the record may reflect only that the debtor has expressed its intention to assume the executory contract; actual assumption and performance requires notice to the other party; sale, transfer and payment of the proceeds requires compliance with the further notice requirements as set out above. In practice, the entire procedure can be accomplished with one notice to all creditors.

The debtor's request to sell is further complicated by the fact that there is a disagreement as to the amount owed to the Bank upon its pre-bankruptcy debt. If other valid lien claims are found to exist, the priority of the distribution of the proceeds may require additional notice and further hearings.

### MAGISTRATE'S REPORT

This matter is before the Court on the motion of the debtor-in-possession for relief from the automatic stay to permit the debtor to sell a mobile home and pay the proceeds to a lienholder, the Centerre Bank of Pacific (Bank). On the debtor's request, an expedited hearing was conducted on August 1, 1984. The Bank and the debtor-in-possession appeared by their respective counsel and presented oral arguments upon the record. At the conclusion of the hearing, the Magistrate announced his proposed findings, conclusions and recommendations. The parties having not consented to the entry of a final order by the Magistrate, the matter is being submitted to the United States District Court for consideration.

The debtor filed its voluntary petition for business reorganization under Chapter 11 of the Bankruptcy Code on July 30, 1984. One of the reasons for filing the bankruptcy proceeding was to invoke the automatic

stay provisions to stop a non-bankruptcy Court action in replevin by the Bank. The debtor's business includes the sale and installation of mobile homes. The debtor's attorney has argued that some of these mobile homes were under contract for sale to third parties at the time of the bankruptcy. Counsel has argued further that one of these purchasers is in urgent need of immediate delivery of a mobile home as the result of a fire at her former residence. Therefore, the debtor is requesting an immediate order authorizing the sale of a Commodore Mobile Home and the transfer of the proceeds to the Bank in exchange for the release of the Bank lien.

Although the Bank has not objected to the sale of the mobile home, its attorney has indicated that it is reluctant to release its collateral in view of the bankruptcy estate interest and the possibility that other creditors or a subsequent liquidating trustee may attempt to recover the sale proceeds which had been credited to a prepetition debt. During the course of the hearing on August 1, 1984, the parties and the Court discussed several possibilities which might allow the sale and transfer of the property while preserving the value of the Bank's security interest until such time as all creditors can be notified of the debtor's intention to disburse monies on a prebankruptcy debt. None of these possibilities was acceptable to both the Bank and the debtor.

A trustee or debtor-in-possession may use, sell or lease property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. 363(c)(1). County Line Homes, Inc. is a debtor-in-possession and has been authorized to operate its business pursuant to 11 U.S.C. 1108, 1107. The Court finds from this record that a part of the debtor's ordinary business is the sale of mobile homes. Therefore, unless prohibited by other sections of the Bankruptcy code, the debtor may sell mobile homes during the pendency of this reorganization case.

If property of the estate is subject to a lien interest, the debtor must satisfy certain conditions before a sale free and clear of liens may be conducted in the ordinary course of business. 11 U.S.C. 363(f). With regard to the particular mobile home in this proceeding, the debtor has indicated that it is unsure if creditors other than the Centerre Bank claim a security interest in the collateral or the proceeds. The creditors' matrix includes the name and address of a company which may have been the manufacturer or wholesale of the mobile home which is to be sold here. There is a possibility then that lien claimants have not been notified of the proposed sale. Centerre Bank has stated through its counsel that it would consent to the sale only if the proceeds are paid to it in the amounts which have not been agreed to by the debtor. Therefore, when the debtor is uncertain as to the existence of other lien claimants, a sale free and clear of liens requires notice to all creditors in most instances. This notice has not been given in this case, and the record does not support any basis upon which the requirement may be waived at this early stage in the case.

The proposed sale here is based upon a contract for sale which had been executed prior to the filing of the bankruptcy petition. As such, the contract is executory in nature and subject to assumption or rejection pursuant to 11 U.S.C. 365. Counsel for the debtor has indicated that the prospective purchaser under the sale contract had not been given notice of the bankruptcy filing or of the debtor's request to conclude the sale post-bankruptcy. Therefore, the record may reflect only that the debtor has expressed its intention to assume the executory contract; actual assumption and performance requires notice to the other party; sale, transfer and payment of the proceeds requires compliance with the further notice requirements as set out above. In practice, the entire procedure can be accomplished with one notice to all creditors.

The debtor's request to sell is further complicated by the fact that there is a disagreement as to the amount owed to the Bank upon its pre-bankruptcy debt. If oth-

er valid lien claims are found to exist, the priority of the distribution of the proceeds may require additional notice and further hearings.

Therefore, it is recommended that the United States District Court enter its final order denying the debtor's request for relief from the automatic stay to permit the sale of a mobile home and payment of the proceeds to a lien claim upon a pre-bankruptcy debt.

/s/ James J. Barta

JAMES J. BARTA
U.S. Magistrate